IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3165-M-RJ

RODNEY E. COBBS,

        Plaintiff,

v.                              ORDER

HELEN DENISE PRATT, et al.,

        Defendants.

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions for service [D.E. 8], for default judgment [D.E. 9], to amend [D.E. 10], and for preliminary injunction and temporary restraining order [D.E. 11].

The court summarily grants plaintiff's motion to amend. See Fed. R. Civ. P. 15(a). The court considers the amended allegations in its initial review below. The clerk will be directed to add newly named defendant Emily G. Lankler to the docket.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Here, plaintiff alleges defendants either testified to a fatally defective indictment supported by false allegations or committed perjury in plaintiff's underlying criminal case. (Compl. [D.E. 1] at 6; Mot. Am. [D.E. 10] at 1–2). He seeks release from state custody. (Compl. [D.E. 1] at 9). The relief plaintiff seeks is not available in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("We hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ

2

of habeas corpus."). In addition, to the extent plaintiff is seeking damages or other relief based on his alleged unconstitutional conviction or sentence, he may not proceed with such a claim at this time. In order to recover damages for an allegedly unconstitutional conviction, a plaintiff proceeding pursuant to § 1983 must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Plaintiff's claims directly call into question the validity of his state conviction, and he has not established that his conviction has been invalidated.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to amend [D.E. 10] is GRANTED. The court DISMISSES this action for failure to state a claim to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motions for service [D.E. 8], for default judgment [D.E. 9], and for preliminary injunction and temporary restraining order [D.E. 11] are DENIED AS MOOT. The clerk is DIRECTED to add defendant Emily G. Lankler to the docket and close this case.

SO ORDERED, this the 17th day of March, 2025.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge